*Turner* for the plaintiff.

---

### LOISEAU vs. LAIZER & AL.

After two verdicts, the court in case of doubt will not interfere with the finding of the jury.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The petitioner in the year 1819 became insolvent, made a sale to his creditors of his property, and obtained from them a discharge.

The defendants were by the act of sale ap- pointed the agents of the creditors, and in-

trusted with the sale of the property conveyed to them. This suit is brought to recover $2218, the value of sundry articles enumerated in the petition, which it is alleged the petitioner did not convey to his creditors, but which the defendants wrongfully disposed of.

This demand has been submitted to two juries in the court of the first instance, who have in both instances found for the defendants.

The question which the cause presents is one of fact. In the commencement of the act of sale, it is stated that the petitioner having been obliged to call his creditors together to make to them a judicial cession of his property, all his creditors, with the exception of one who was absent, had agreed to give him a complete discharge of his debts, and to abandon to him certain articles hereafter mentioned, on the condition that he would withdraw his suit in court, and make to them a private conveyance of all his property moveable and immoveable, credits, rights and actions mentioned in the original and supplementary bilan filed by him,

Eastern Dist. with the exception of certain articles to be left
March, 1829. to him as will be hereafter specified.

LOISEAU
*vs.*
LAIZER.

After this, follows an enumeration of the various objects conveyed to the creditors, and in this enumeration the articles mentioned in the petition are not found. On this fact the plaintiff principally relies for success. He urges that the particular mention of the property sold, controls the general clause at the commencement of the deed—and contends that the articles not specified were reserved to himself.

The creditors call our attention to a clause in another part of the deed, in which there is an enumeration of the articles which the creditors permit the insolvent to retain, and in which the property now sued for is not specified.

The general expressions in the commencement of the act might be controlled by the subsequent specification of the property conveyed; but the force of this argument is weakened if not destroyed by the enumeration of the articles retained, in which no mention is made of the articles now sued for. The things sold are not mentioned in either of the clauses where the things which he sells, and those which he

retains, are detailed.  In our judgment these <span style="float:right">Eastern Dist.<br>*March* 1829.</span> special enumerations control each other, and leave the general expressions in the act in full force.

<span style="float:right">LOISEAU<br>*vs.*<br>LOIZER.</span>

This construction is strengthened by what we are bound to believe was the intention of the parties. The petitioner was insolvent. The creditors had a right to all his property. What they left to him was a mere gift on their part; and there is a strong conviction on our minds that it was in the contemplation of all, that he should surrender every thing but the articles which by name they permitted him to retain. When we add to this the fact, that this suit was commenced nine years after the sale, and that two juries have decided against it, we have had no difficulty in coming to a conclusion that the judgment of the court below must be confirmed with costs.

*Soule*, for plaintiff—*Moreau*, for defendants.